Chief Justice Robertson
delivered the opinion of the Court.
John McGee sued John Johnson, James Sodusky, and several others, for an assault and battery. On the trial, as there was no proof that all the persons jointly sued had actually assaulted or beaten the defendant in error, the court permitted *267 j^IcG-ee to prove by one Singleton, that he (the witness) “after the tight, heard James Sodusky and John Johnson talking — Sodusky said he came there to vvnip the d-d rascal — and Johnson said it was a plot to do so.”
The confesdefendant 6m an action’of assault and sssr* gainst a co“efent ant‘
The plaintiff in error then moved the following instruction — “that the confession or statement of one of the defendants, Johnson, is not evidence against any of his co-defendants — to prove a conspiracy between them” — But the motion was overruled, and we think, improperly.
If a combination had been proved, an acknowledgment, by any one of the confederates, of auy fact concerning the trespass, would have been admissible evidence against all of his associates. But. a declaration or confession by One, is not competent, to prove that others had been combined with him. The 'admission of such testimony, for such a. purpose, would be inconsistent with the first principles of proof in courts of justice. The confession of one defendant cannot prove that a co-defendant had aided or abetted him in the perpetration of an imputed wrong. Johnson did not even state who had made -i".” . _
. _ The declaration made by Johnson, was legitimate evitlence against himself and Jámes Sodusky with whom lie was conversing, and who did not deny the “píoí;” and therefore, if the instruction, as proposed, could be construed to import only that Johnson's statement was not legal evidence against any one of tue defendants, there would-have been no error in refusing to give it.
But it means more: The expressions — (“is not evidence agaiust any of his co-defendants -to prove a confederacy between them”) must be understood to mean that Jonnson s statement was not admissible to prove a confederacy by the defendants, that is, ail the defendants in tne action. And, consequently, the circuit court erred in not giving the instruction.
(See Metcalfe vs. Conner, Sel. ca. 497-8.)
All the other points embraced in the assignment, of errors, have been hitherto virtually settled between the present plaintiffs in error, and other par *268 ties, and will not, therefore, be now again noticed. The error which has been noticed is the only one perceived in this record, and was not presented in any one of the former cases to which allusion has been made.
Chinn and Sanders, for plaintiff; Hewitt, for defendant.
W herefore, for the error of the circuit court in-refusing to give the instruction proposed as to Johnson’s statement, the judgment must be reversed, and the cause remanded for a new trial.